# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-4079

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Victor Essil Quinn, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: September 12, 2000
Filed:   September 25, 2000

———————

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,[1] District Judge.

———————

PER CURIAM.

Victor Essil Quinn appeals from the decision of the District Court[2] denying his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Quinn alleges ineffective assistance of trial counsel based upon counsel's failure to object or

———————

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

draw attention to the government's failure to comply with 21 U.S.C. § 851 (notice of intent to seek enhanced punishment based upon prior drug convictions).

We review the District Court's order de novo.  See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994) (reviewing ineffective assistance issue de novo and reviewing underlying predicate facts under the clearly erroneous standard).  We conclude that the government complied with the notice requirements of § 851, and therefore defendant's ineffective assistance claim is without merit.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.